**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARIO ABATE**
and **ELDA ABATE,**

                     **Plaintiffs,**                   **1:07-cv-1196
                                                        (GLS/DRH)**

          v.

**CITY OF TROY** and
**HARRY TUTUNJIAN,**

                     **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Office of David Brickman<br>1664 Western Avenue<br>Albany, NY 12203 | DAVID BRICKMAN, ESQ. |
| **FOR THE DEFENDANTS:** | |
| Dreyer, Boyajian Law Firm<br>75 Columbia Street<br>Albany, NY 12210 | JOHN B. CASEY, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiffs Mario Abate and Elda Abate commenced this action pursuant to 42 U.S.C. § 1983, alleging defendants City of Troy and its Mayor, Harry Tutunjian, (collectively "Troy defendants") violated their

constitutional rights. (*See* Compl., Dkt. No. 1.) On December 22, 2011, this court granted Troy defendants' motion for summary judgment, dismissing the Abates' remaining claims, and entering judgment on their behalf.[1] (*See* Dkt. Nos. 41, 42.) Pending is Troy defendants' motion for attorney's fees. (*See* Dkt. No. 43.) For the reasons that follow, the motion is granted.

## II. Legal Standard

Generally, the so-called "American Rule" mandates "each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2005). However, Congress has enacted fee shifting provisions which permit a prevailing party to recoup costs from its adversary in certain types of cases. *See id.* (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). To this end, 42 U.S.C. § 1988 authorizes district courts to award "a reasonable attorney's fee as part of the costs" to the prevailing party in actions brought under, *inter alia*, section 1983. 42 U.S.C. § 1988(b). Although available to both plaintiffs and defendants, attorney's fees may only be awarded to a

---

[1] The parties' familiarity with the underlying facts and procedural history is presumed. The court refers the parties to its discussion thereof in its December 22, 2011 Memorandum-Decision and Order. (*See* Dkt. No. 41 at 2-5.)

2

defendant if either the entirety, or a part, of the "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213 (internal quotation marks and citations omitted). In making this determination, and thereafter calculating the reasonable fee, trial courts are granted "substantial deference." *Id.* at 2216. "Rough justice," and not "auditing perfection" is the goal of the fee shifting provision. *Id.* Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### III.  Discussion

Troy defendants argue the Abates' facial and as-applied challenges to the nuisance ordinance were frivolous, and thus, they, as the prevailing party, are entitled to attorney's fees. (*See* Dkt. No. 43, Attach. 1 at 2-3.) In response, the Abates claim their case presented an issue of first impression and aver it was "worthy of consideration by this Court." (*See* Dkt. No. 48 at 3-4.) Despite disagreeing over the merit of their case, the Abates do not contest that Troy defendants were the prevailing party or the reasonableness of the requested fee. (*See id.* 2-5.) After considering the overall record of this case, the court concludes the Abates' claims had no basis in fact or law. *See Fox*, 131 S. Ct. at 2213.

3

In reaching this determination, the court is mindful of the Abates' familiarity with, and previous violation of, the exact same ordinance in 2001; and the fact that they voluntarily discontinued their Article 78 proceeding after they agreed to remedy numerous code violations in return for a reduction in the closure order. (*See* Dkt. No. 41 at 2 n.2, 4.) Indeed, it was actually eighteen months after the Abates reopened their bar that they commenced this action. (*See id.* at 4.)

Furthermore, the Abates' characterization of the court's decisions is inaccurate. (*See* Dkt. No. 47 ¶ 5; Dkt. No. 48 at 4-5.) With respect to the facial challenge, the transcript of the September 4, 2008 hearing, which constituted the court's decision, demonstrates the frivolousness of that claim. (*See generally* Dkt. No. 29.) At the hearing, the court not only rejected all of the Abates' arguments, but also stated that their Takings Clause argument was "without merit."[2] (Dkt. No. 29 at 24:23-31:8.) Moreover, as to the as-applied challenge, the court again rejected all of the Abates' arguments—many of which were copied verbatim from their previous submission—and found the claim to be baseless. (*See* Dkt. No.

---

[2] Notably, it was not until July 6, 2009—almost one year after the motion hearing—that the Abates disclosed that discovery was unnecessary, despite the fact that the court's decision to deny Troy defendants' cross-motion for summary judgment was premised on a future determination of the "ultimate facts." (Dkt. No. 29 at 32:25-33:11.)

4

41 at 5-9.) In sum, the record unequivocally shows that the Abates' "action was frivolous . . . [and] without foundation." *Fox*, 131 S. Ct. at 2213. It follows that Troy defendants are entitled to fees under 42 U.S.C. § 1988.

As for the $11,930.00 in fees requested, which represents the total amount billed for attorney's services, the court concurs with Troy defendants that these fees are reasonable. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (stating that the cost of preparing a section 1988 motion "should be granted whenever underlying costs are allowed.") (internal citations omitted). Though a challenge to the reasonableness of the hourly rates would have been disingenuous, the Abates nonetheless failed to contest the total hours billed by Troy defendants' counsel. (*See generally* Dkt. Nos. 47, 48.) As such, Troy defendants' motion for attorney's fees in the amount of $11,930.00 is granted.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Troy defendants' motion for attorney's fees in amount of $11,930.00 (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 10, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court